## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No:

ANDREW J. O'CONNOR,

Plaintiff,

vs.

ANDREA MERIDA, DAVE BELL, SIERRA GARCIA, R.J. TOBIN, and COLORADO GREEN PARTY, individually and severally,

Defendants.

---

## COMPLAINT FOR DAMAGES AND MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF

---

**COMES NOW,** Plaintiff ANDREW J. O'CONNOR, and files this action for damages and declaratory and injunctive relief voiding the virtual Colorado Green Party Presidential Primary and Delegate Selection on April 18, 2020. The Colorado Green Party Presidential Primary and Delegate Selection was invalid because Defendants failed to give proper notice to registered Colorado Green Party members, failed to have a quorum and violated State and Federal elections laws,  and wrongfully denied ballot access to Plaintiff Andrew J. O'Connor, a registered Colorado Green Party member thereby preventing his name from being placed on the primary ballot access in November for the Colorado Senate District 17 Primary. Plaintiff seeks actual damages, punitive damages, statutory damages, treble and compensatory damages including, but not limited to intentional infliction of emotional distress, mental anguish, pain and suffering plus reasonable attorney fees and costs associated with this action against the Defendants.

## I.      JURISDICTION AND VENUE

Jurisdiction of this Court arises under 29 U.S.C. § 594, and Title 26 § 6652, of the IRS Code. Venue is proper in this District because the actions and transactions occurred here and because Plaintiff and Defendants reside here and are located here or transact business here.

## II.      PARTIES

1. Plaintiff ANDREW J. O'CONNOR, (hereinafter "Plaintiff") is a registered Colorado Green Party member and resident of Boulder County, Colorado.

2. Defendant ANDREA MERIDA, (hereinafter "Merida") is Co-chair of the Colorado Green Party and is employed as a Green Party Presidential Candidate Howie Hawkins's campaign manager located at P.O. Box 11171, Denver, CO 80211, and at all times relevant to this action acted within the course and scope of her duties as Co-chair of the Colorado Green Party and campaign manager for Green Party Presidential Candidate Howie Hawkins's and her actions were in violation of Colorado and Federal law including, but not limited to 29 U.S.C. § 594, and Title 26 § 6652.

3. Defendant DAVE BELL, (hereinafter "Bell") is Co-chair of the Colorado Green Party located at P.O. Box 11171, Denver, CO 80211, and at all times relevant to this action acted within the course and scope of his duties as Co-chair of the Colorado Green Party and his actions were in violation of Colorado and Federal law including, but not limited to 29 U.S.C. § 594, and Title 26 § 6652.

4. Defendant SIERRA GARCIA, (hereinafter "Garcia") is Secretary of the Colorado Green Party located at P.O. Box 11171, Denver, CO 80211, and at all times relevant

2

to this action acted within the course and scope of his duties as Secretary of the Colorado Green Party and his actions were in violation of Colorado and Federal law including, but not limited to 29 U.S.C. § 594, and Title 26 § 6652.

5.   Defendant R.J. TOBIN, (hereinafter "Tobin") is Treasurer of the Colorado Green Party located at P.O. Box 11171, Denver, CO 80211, and at all times relevant to this action acted within the course and scope of his duties as Treasurer of the Colorado Green Party and his actions were in violation of Colorado and Federal law including, but not limited to 29 U.S.C. § 594, and Title 26 § 6652.

6.   Defendant Colorado Green Party (hereinafter "GPCO") is a minor political party registered with the Colorado Secretary of State's Office and affiliated with the Green Party of the United States located at P.O. Box 11171, Denver, CO 80211, and is an organization under Section 527 of Internal Revenue Code and is liable for the actions of Defendants in violation of Colorado and Federal law including, but not limited to 29 U.S.C. § 594, and Title 26 § 6652.

### III.   FACTUAL ALLEGATIONS

7.   On September 2, 2019, Plaintiff decided to run for Senate District 17.

8.   In September, October, and November, 2019, Plaintiff and his wife made numerous attempts to contact Merida via email and left several telephone messages seeking information about running for SD 17 as a Green Party candidate; however, Merida ignored Plaintiff and his wife and failed to respond to them.

9.   On November 13, 2019, after attending a Boulder County Democratic Party Executive Committee meeting, Plaintiff decided to switch his party affiliation from

the Democratic Party to the Green Party and run for SD 17 as a Green Party

candidate.

10. On November 14, 2020, Bell, not Merida, responded to Plaintiff, via email, about

Plaintiff's run for SD 17, as follows:

*Unfortunately, GPCO does not have a strong presence in SD 17 and it is unlikely that we would be able to offer any substantial material support for this campaign. The procedure for getting a nomination or endorsement from GPCO requires a candidate to get an affiliated local chapter or State Officer to run a proposal through our state forum at a state meeting. As a Co-chair of the state party I would not feel comfortable running a proposal for endorsement or nomination without a more thorough vetting process. If that is something you would like to pursue, let me know and **I will put together a candidate questionnaire that you can respond to and we can go from there.** I noticed that you are currently registered as a Democrat; GPCO bylaws do allow for the state party to nominate a candidate that is not registered as a Green in Colorado. Our state nominating convention will happen in the spring. If you'd like to get more familiar with the GPCO here are links to our bylaws and the 10 key values. Please look them over and let me know how you would like to proceed.*

11. Plaintiff reviewed the bylaws and key values and requested the candidate

questionnaire and decided to change his political party affiliation from Democrat

Party to Green Party and run for SD 17 as a Green Party candidate.

12. Throughout November and early December, 2019, Plaintiff made numerous

telephone and email requests to Bell for the candidate questionnaire; however,

Bell ignored Plaintiff and did not respond to him.

13. On Dec 7, 2019, Plaintiff contacted Merida, via email, as follows:

*Dave's email is not working. I am interested in completing a candidate questionnaire and being endorsed by the Colorado Green Party for SD17 asap. Please advise.*

14. On December 9, 2019, Plaintiff received an email from Bell who as follows:

*I assure you, my email is in fact working. **I will need some time to get the candidate questionnaire put together and our nominating convention won't happen until the spring (March or April) so we have plenty of time.** I'm pretty swamped through the holidays so it will likely be January before I even have a chance to get started on it.*

4

*Thank you-*

15. On December 9, 2019, Plaintiff replied to Bell, via email, as follows:

*Thank you for getting back to me. Any chance that you could call me at (303) 882-1693 so that we could briefly talk? Thank you.*

16. On December, 30, 2019, Plaintiff took Bell at his word and registered with the Colorado Secretary of State as voting member of the Colorado Green Party with the intention of running for Senate District 17, as a Colorado Green Party Candidate.

17. From December 30, 2019, to April 18, 2020, Plaintiff campaigned as a Green Party SD 17 candidate, solicited campaign donations, purchased campaign flyers, business cards, campaign signs, attended various campaign events and candidate forums and spent money detrimentally relying on Defendants' assurances and waiting for the candidate questionnaire.

18. On April 18, 2020, around 11:00pm, Plaintiff's wife happened to go onto GPCO website and discovered that Defendants had conducted a virtual Presidential primary and that the nominations and voting were over.

19. On April 18, 2020, at 11:55pm, Plaintiff's wife contacted Defendants via Facebook messenger as follows:

*My husband is Andrew O'Connor he is running for SD 17 as a Green Party candidate. We have been trying for the better part of six months to get ahold of somebody about a questionnaire for the ballot. Can you please call him first thing tomorrow morning at 303-882-1693.*

20. On April 19, 2020, Merida emailed Plaintiff's wife as follows:

*Mr. O'Connor, thank you for reaching out.  Unfortunately, we have already had our nomination process via a vote that closed on Friday night.  We are statutorily unable to nominate you at this point.*

*Per the email thread below, on December 6, 2019, you acknowledged receipt of email communication that the way to seek nomination for the ballot was to seek endorsement*

*of a local chapter.  Dave Bell indicated in that email below that the way for him to be able to consider proposing your nomination personally would be via a questionnaire. None of our locals have indicated that you have been in touch.*

*It may be possible at this point to use the "nomination by petition" route, but I am not sure of the deadlines.  Please consult with the Secretary of State for your options.*

*Thank you,*

*Andrea Merida*
*Co-Chair, Green Party of Colorado*

21. On April 20, 2020, Plaintiff filed four complaints against Defendants with the U.S. Attorney, Colorado Attorney General, Colorado Secretary of State, and Federal Elections Commission.

22. Defendants acted in bad faith, mislead Plaintiff, and, in fact, never had any intention of emailing Plaintiff, the candidate questionnaire, failed to notify Plaintiff and most other registered GPCO members of the virtual GPCO Presidential Primary and Delegate Selection, which was invalid and wrongfully denied Plaintiff ballot access and their willful and intentional misconduct proximately caused Plaintiff damages.

23. Merida has established a pattern of misusing the GPCO for her own personal financial gain and used Identity Politics to bully, censor, character assassinate and intimidate White male GPCO calling them White Supremacists and in fact, Merida with the help of Defendants amended the Denver Green Party's bylaws as follows:

Is an anti-oppression party, actively dedicated to the work of ending capitalism and dismantling white supremacy and heteropatriarchy.  As such, expressions of sexism, racism, classism, ableism, homophobia, transphobia, and other oppressive behaviors are not in keeping with the values of this party. Further, the Denver Green Party explicitly rejects the false ideas of reverse racism, misandry, etc., because we understand the role of white supremacy, heteropatriarchy, etc. in the oppression of our comrades of all colors, genders, and sexual orientations. While prejudice may exist against white people, against men, against cisgender people, against straight people (or any other privileged

group), this prejudice is not oppression because there are no institutional power structures designed to disenfranchise these privileged groups.

24. Defendants violated Colorado and Federal law including, but not limited to 29

U.S.C. § 594, and Title 26 § 6652 and the Federal Elections Commission,

Colorado Secretary of State as well as Colorado and Federal civil and criminal law.

25. Defendants failed to give proper notice to registered Colorado Green Party members, failed to have a quorum and violated State and Federal elections laws, and wrongfully denied ballot access to Plaintiff Andrew J. O'Connor, a registered Colorado Green Party member thereby preventing his name from being placed on the primary ballot access in November for the Colorado Senate District 17 Primary. Plaintiff seeks actual damages, punitive damages, statutory damages, treble and compensatory damages including, but not limited to intentional infliction of emotional distress, mental anguish, pain and suffering plus reasonable attorney fees and costs associated with this action against the Defendants.

## IV.    FIRST CLAIM FOR RELIEF
### (Damages for Wrongful Denial of Ballot Access)

26. Plaintiff hereby re-alleges and re-incorporates by reference all preceding allegations of law and fact contained in paragraphs 1-25.

27. Defendants acted in bad faith, engaged in retaliatory, illegal and unconstitutional discriminatory practices in violation of State and Federal laws; including, but not limited to violation of Plaintiff's right to ballot access and intentionally and willfully damaged Plaintiff.

28. Defendants intentionally and willfully violated Colorado and Federal law

including, but not limited to 29 U.S.C. § 594, and Title 26 § 6652 and the Federal Elections Commission, Colorado Secretary of State, as well as Colorado and Federal civil and criminal law.

29. As a proximate result of Defendants' wrongful, retaliatory, arbitrary, capricious, discriminatory and malicious conduct, Plaintiff suffered, including, but not limited to: wrongful denial of ballot access, intentional infliction of severe emotional distress; loss of actual and compensatory damages; punitive damages and attorney fees and costs.

## V.   SECOND CLAIM FOR RELIEF
### (Damages for Intentional Infliction of Severe Emotional Distress)

30. Plaintiff hereby re-alleges and re-incorporates by reference all preceding allegations of law and fact contained in paragraphs 1-28.

31. Defendants intentionally inflicted severe emotional distress upon Plaintiff, Plaintiff's wife and engaged in illegal and unconstitutional discriminatory and retaliatory practices in violation of State and Federal laws; 29 U.S.C. § 594, and Title 26 § 6652 and the Federal Elections Commission, Colorado Secretary of State, as well as Colorado and Federal civil and criminal law.

32. As a proximate result of Defendants' wrongful, retaliatory, arbitrary, capricious, discriminatory and malicious conduct, Plaintiff suffered, including, but not limited to: wrongful denial of ballot access, intentional infliction of severe emotional distress; loss of actual and compensatory damages; punitive damages and attorney fees and costs.

## VI.  <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, having set forth various claims against the Defendants, Plaintiff ANDREW J. O'CONNOR, prays for the following relief:

a.  That this Court grant immediate injunctive relief and void the results of the GPCO virtual Presidential Primary and Delegate Selection dated April 18, 2020;

b.  That the Plaintiff be awarded punitive damages for denial of wrongful ballot access provided for under State and Federal law, including costs and attorney fees;

c.  That the Plaintiff be awarded damages to be fully proved at the time of trial including, but not limited to economic, compensatory and actual damages;

d.  That the Plaintiff be awarded general damages for Plaintiff's mental anguish, severe emotional distress and pain and suffering;

e.  That the Plaintiff be awarded their fees and costs associated with this action;

f.  That Plaintiff be awarded treble damages and reasonable attorney's fees and costs because of 29 U.S.C. § 594, and Title 26 § 6652 and the Federal Elections Commission, Colorado Secretary of State, as well as Colorado and Federal civil and criminal law; and

g.  That the Court grant any such other relief that may be just and proper.

## VII.   <u>DEMAND FOR JURY TRIAL</u>

Plaintiff ANDREW J. O'CONNOR, hereby demands a trial by jury.

**Dated:** April 22, 2020

Respectfully submitted,
**ANDREW J. O'CONNOR**


*s/ Andrew J. O'Connor*
**ANDREW J. O'CONNOR**
Plaintiff Pro Se
1220 W. Devonshire Court
Lafayette, CO 80026
Tel: (303) 882-1692
Email: oconnorandrew@hotmail.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **COMPLAINT FOR DAMAGES AND MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF** was electronically filed with the Court and emailed and/or sent via Regular U.S. Mail to the following:

Green Party of Colorado
Attn: Andrea Merida, GPCO Co-Chair
P.O. Box 11171
Denver, CO 80211
Tel: (303) 550-0677
Email: andrea@coloradogreenparty.org


*s/Andrew J. O'Connor*
**ANDREW J. O'CONNOR**