**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-01141-GPG

ANDREW J. O'CONNOR,

    Plaintiff,

v.

ANDREA MERIDA,
DAVE BELL,
SIERRA GARCIA,
R.J. TOBIN,
COLORADO GREEN PARTY, individually and severally,

    Defendants.

---

ORDER DENYING PLAINTIFF'S MOTION TO RECUSE

---

    Plaintiff Andrew J. O'Connor is a resident of Lafayette Colorado. On April 23, 2020, he filed *pro se* a "Complaint for Damages and Motion for Declaratory and Injunctive Relief." (ECF No. 1). On April 27, 2020, the Court ordered Plaintiff to cure certain designated deficiencies. (ECF No. 3). Specifically, Plaintiff was ordered to either pay the $400.00 filing fee or submit a motion to proceed *in forma pauperis* on the court-approved form. Additionally, Plaintiff was directed to file his complaint on the court-approved Complaint form.

    In response, on May 4, 2020, Plaintiff filed an "Amended Pro Se Plaintiff's Motion to Disqualify Magistrate Judge Gallagher Pursuant to 28 § 455 U.S.C." ("Motion to Recuse"). (ECF No. 7). The Court must construe Plaintiff's motion liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

1

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, Plaintiff's Motion to Recuse will be denied.

**I.      Motion to Recuse**

In his Motion to Recuse, Plaintiff argues that, pursuant to 28 U.S.C. § 455, I should recuse myself from this action because I have "a personal bias and prejudice against the Plaintiff; discriminated against Plaintiff in violation of the American with Disabilities Act ("ADA"); violated Plaintiff's rights to due process and equal protection under the Fifth and Fourteenth Amendments of the U.S. Constitution; and denied Plaintiff equal access to the Court because he is a poor, pro se litigant . . . ." (ECF No. 7 at 1).  Specifically, he argues that I demonstrated bias by entering an Order to Cure Deficiencies in this action as well as "every single case that Plaintiff has appeared before [me] as a pro se litigant." (*Id.* at 2).  Further, Plaintiff states that my impartiality should be questioned because Plaintiff has previously filed a complaint of judicial misconduct against me with former Chief Judge Marcia S. Krieger. (*Id.*).  He also alleges that my statement, in the Order to Cure Deficiencies in this action and in an order in a previous action, that Plaintiff was "no stranger to this court," demonstrates my personal bias towards him.  Further, he argues that he should not be forced to use the court-approved Complaint form because the complaint he submitted is "vastly superior to the Court-approved Complaint form[,] which is inferior and confusing, at best, and puts Plaintiff at a severe legal disadvantage and undercuts presentation of his case." (*Id.* at 4).  Finally, he argues that my statement in the Order to Cure Deficiencies in this action that he may "choose to contact the Federal Pro Se Clinic" is condescending and a huge waste of time because "they are never there and are prohibited from giving legal

2

advice." (*Id.*).  Plaintiff makes numerous other conclusory assertions of my bias and prejudice against him without providing any specific factual allegations.

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).  Pursuant to § 455, the Court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988) (internal quotation marks omitted).  The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).  The decision to recuse is committed to the sound discretion of the district court. *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (citation omitted).

The provisions of 28 U.S.C. § 455(a) do not command automatic disqualification of a judge; to the contrary, it is the duty of the judge who allegedly is biased to evaluate the sufficiency of the allegations. *See David v. City & County of Denver*, 837 F. Supp. 1094, 1095 (D. Colo. 1993).  A judge has an obligation not to disqualify himself unnecessarily. *See Cooley*, 1 F.3d at 994; *David*, 837 F. Supp. at 1095.  A judge is obligated not to recuse when there is no occasion for him to do so, just as he is obligated to recuse when there is occasion to do so. *See Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).  If,

however, whether § 455(a) requires disqualification is a close question, the balance tips in favor of recusal.  See Nichols, 71 F.3d at 352.

Under § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality. Id. at 351; Cooley, 1 F.3d at 993.  The standard is purely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. See Nichols, 71 F.3d at 351; Cooley, 1 F.3d at 993.  In applying the objective test, the initial inquiry is whether a reasonable factual basis exists for calling the judge's impartiality into question. Cooley, 1 F.3d at 993.

Section 455(a) must not be construed so broadly that recusal would be "mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." Franks v. Nimmo, 796 F.2d 1230, 1235 (10th Cir. 1986) (citing United States v. Hines, 696 F.2d 722, 729 (10th Cir. 1982)).  Section 455(a) should not be "read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a 'reasonable fear' that the judge will not be impartial." See Cooley, 1 F.3d at 993 (citation omitted).  "The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." Id. (citation omitted).  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994); see also Lammle v. Ball Aerospace & Techs. Corp., 589 F. App'x 846, 849 (10th Cir. 2014) ("Unfavorable judicial rulings . . . are insufficient grounds for recusal.").

28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request that the presiding judge recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although the Court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass*, 849 F.2d at 1267. The movant has a substantial burden "to demonstrate that the judge is not impartial." *Burger*, 964 F.2d at 1070.

Plaintiff has not submitted a timely and sufficient affidavit of personal bias and prejudice pursuant to § 144. Further, he fails to make any reasoned argument that would demonstrate an appearance of my partiality or bias. The fact that Mr. O'Connor has been ordered to cure deficiencies in all the civil actions he has brought before this Court does not show any bias against him but rather a lack of Mr. O'Connor's willingness to follow the local rules of this Court that apply to all *pro se* litigants. The Court's local rules specifically require that *pro se* litigants use the Court-approved forms. *See* D.C.COLO.LCivR 5.1(c) ("[A]n unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court' s website."). Plaintiff has been informed of this requirement numerous times.

Further, although Plaintiff alleges he previously filed a judicial misconduct complaint filed with former Chief Judge Krieger, such an allegation does not require my

recusal. *See also United States v. Patterson*, 292 F. App'x 835, 836 (11th Cir. 2008) (rejecting argument that "the district court should have recused itself because of his affidavit of bias and prejudice, his judicial misconduct complaint, and a pending investigation related to his case"); *In re Focus Media, Inc.*, 378 F.3d 916, 930 (9th Cir. 2004) ("Absent some evidence of real bias, we are not prepared to infer bias lest we open the door to misuse of the judicial misconduct complaint process as a means of removing a disfavored judge from a case."); *In re Mann*, 229 F.3d 657, 658 (7th Cir. 2000) (rejecting assertion "that a judge must automatically disqualify herself from a lawsuit simply because a disgruntled litigant currently alleges (or has previously alleged) judicial misconduct"); *Weakley v. Eagle Logistics*, No. 3:16-CV-00205-HGD, 2017 WL 2905886, at *1 (N.D. Ala. Feb. 24, 2017) ("the undersigned is not so thin-skinned that having a complaint lodged against him by a litigant would cause bias against that litigant").

Additionally, a statement that Plaintiff "is no stranger to the Court," is a true statement and does not demonstrate bias. His experience with the court system and litigation is a reasonable consideration when determining whether he should be aware of the local rules and requirements for initiating a *pro se* action.

Further, the statement in the Order to Cure Deficiencies that Plaintiff "may choose to contact the Federal Pro Se Clinic" is not condescending. This recommendation is given to most nonprisoner *pro se* litigants. Plaintiff may be confusing the Federal Pro Se Clinic, which is able to provide some *pro se* litigants with legal advice and assistance in certain actions, with the Clerk's Office, which is a part of the Court and is not able to provide any legal advice.

In conclusion, Plaintiff has failed to establish a reasonable factual basis for calling my impartiality into question.  Plaintiff's motion for me to recuse myself from this action is denied.

Accordingly, it is

ORDERED that Plaintiff's "Amended Pro Se Plaintiff's Motion to Disqualify Magistrate Judge Gallagher Pursuant to 28 § 455 U.S.C." ("Motion to Recuse") (ECF No. 7) is DENIED.  It is

FURTHER ORDERED that Plaintiff's previously filed "Pro Se Plaintiff's Motion to Disqualify Magistrate Judge Gallagher Pursuant to 28 § 455 U.S.C." (ECF No. 6) is DENIED as moot.

DATED May 6, 2020.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge