IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
2020 MAY 27 PM 3:31

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

Civil Action No. 20-cv-01141-GPG

Andrew J. O'Connor,

Plaintiff,

v.

Andrea Merida,

Dave Bell,

Sierra Garcia,

R.J. Tobin, and

Colorado Green Party, individually and severally,

Defendants.

---

## COMPLAINT

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

### A.   PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the*

*court may result in dismissal of your case.*

<u>Andrew J. O'Connor, 1220 W. Devonshire Court, Lafayette, CO 80026</u>
(Name and complete mailing address)

<u>(303) 882-1693, oconnorandrew@hotmail.com</u>
(Telephone number and e-mail address)

**B.    DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:   <u>Andrea Merida, P.O. Box 11171, Denver, CO 80211</u>
(Name and complete mailing address)

(Telephone number and e-mail address if known)

Defendant 2:   <u>Dave Bell, P.O. Box 11171, Denver, CO 80211</u>
(Name and complete mailing address)

(Telephone number and e-mail address if known)

Defendant 3:   <u>Sierra Garcia, P.O. Box 11171, Denver, CO 80211</u>
(Name and complete mailing address)

(Telephone number and e-mail address if known)

Defendant 4:   <u>R.J. Tobin, P.O. Box 11171, Denver, CO 80211</u>
(Name and complete mailing address)

(Telephone number and e-mail addresses if known)

Defendant 5:   <u>Colorado Green Party, P.O. Box 11171, Denver, CO 80211</u> individually and severally
(Name and complete mailing address)

(Telephone number and e-mail addresses if known)

2

## C. JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

____ Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

X ___ Jurisdiction of this Court arises under 29 U.S.C. § 594, and Title 26 § 6652, of the IRS Code. Venue is proper in this District because the actions and transactions occurred here and because Plaintiff and Defendants reside here and are located here or transact business here.

____ Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of <u>Colorado</u>.

If Defendant 1 is an individual, Defendant 1 is a citizen of <u>Colorado</u>.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.*

3

D.     STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

I.  CLAIM ONE:  Damages for Wrongful Denial of Ballot Access

Supporting facts:

1. On September 2, 2019, Plaintiff decided to run for Senate District 17.

2. In September, October, and November, 2019, Plaintiff and his wife made numerous attempts to contact Merida via email and left several telephone messages seeking information about running for SD 17 as a Green Party candidate; however, Merida ignored Plaintiff and his wife and failed to respond to them.

3. On November 13, 2019, after attending a Boulder County Democratic Party Executive Committee meeting, Plaintiff decided to switch his party affiliation from the Democratic Party to the Green Party and run for SD 17 as a Green Party candidate.

4. On November 14, 2020, Bell, not Merida, responded to Plaintiff, via email, about Plaintiff's run for SD 17, as follows:

> *Unfortunately, GPCO does not have a strong presence in SD 17 and it is unlikely that we would be able to offer any substantial material support for this campaign. The procedure for getting a nomination or endorsement from GPCO requires a candidate to get an affiliated local chapter or State Officer to run a proposal through our state forum at a state meeting. As a Co-chair of the state party I would not feel comfortable running a proposal for endorsement or nomination without a more thorough vetting process. If that is something you would like to pursue, let me know and **I will put together a candidate questionnaire that you can respond to and we can go from there**. I noticed that you are currently registered as a Democrat; GPCO bylaws do allow for the state party to nominate a candidate that is not registered as a Green in*

4

*Colorado. Our state nominating convention will happen in the spring. If you'd like to get more familiar with the GPCO here are links to our bylaws and the 10 key values. Please look them over and let me know how you would like to proceed.*

5. Plaintiff reviewed the bylaws and key values and requested the candidate questionnaire and decided to change his political party affiliation from Democrat Party to Green Party and run for SD 17 as a Green Party candidate.

6. Throughout November and early December, 2019, Plaintiff made numerous telephone and email requests to Bell for the candidate questionnaire; however, Bell ignored Plaintiff and did not respond to him.

7. On Dec 7, 2019, Plaintiff contacted Merida, via email, as follows:

    *Dave's email is not working. I am interested in completing a candidate questionnaire and being endorsed by the Colorado Green Party for SD17 asap. Please advise.*

8. On December 9, 2019, Plaintiff received an email from Bell who as follows:

    *I assure you, my email is in fact working. **I will need some time to get the candidate questionnaire put together and our nominating convention won't happen until the spring (March or April) so we have plenty of time**. I'm pretty swamped through the holidays so it will likely be January before I even have a chance to get started on it. Thank you-*

9. On December 9, 2019, Plaintiff replied to Bell, via email, as follows:

    *Thank you for getting back to me. Any chance that you could call me at (303) 882-1693 so that we could briefly talk? Thank you.*

10. On December, 30, 2019, Plaintiff took Bell at his word and registered with the Colorado Secretary of State as voting member of the Colorado Green Party with the intention of running for Senate District 17, as a Colorado Green Party Candidate.

11. From December 30, 2019, to April 18, 2020, Plaintiff campaigned as a Green Party SD 17 candidate, solicited campaign donations, purchased campaign flyers, business cards, campaign signs, attended various campaign events and candidate forums and spent money detrimentally relying on Defendants' assurances and waiting for the

candidate questionnaire.

12. On April 18, 2020, around 11:00pm, Plaintiff's wife happened to go onto GPCO website and discovered that Defendants had conducted a virtual Presidential primary and that the nominations and voting were over.

13. On April 18, 2020, at 11:55pm, Plaintiff's wife contacted Defendants via Facebook messenger as follows:

*My husband is Andrew O'Connor he is running for SD 17 as a Green Party candidate. We have been trying for the better part of six months to get ahold of somebody about a questionnaire for the ballot. Can you please call him first thing tomorrow morning at 303-882-1693.*

14. On April 19, 2020, Merida emailed Plaintiff's wife as follows:

*Mr. O'Connor, thank you for reaching out. Unfortunately, we have already had our nomination process via a vote that closed on Friday night. We are statutorily unable to nominate you at this point.*

*Per the email thread below, on December 6, 2019, you acknowledged receipt of email communication that the way to seek nomination for the ballot was to seek endorsement of a local chapter. Dave Bell indicated in that email below that the way for him to be able to consider proposing your nomination personally would be via a questionnaire. None of our locals have indicated that you have been in touch.*

*It may be possible at this point to use the "nomination by petition" route, but I am not sure of the deadlines. Please consult with the Secretary of State for your options.*

*Thank you,*

*Andrea Merida*
*Co-Chair, Green Party of Colorado*

15. On April 20, 2020, Plaintiff filed four complaints against Defendants with the U.S. Attorney, Colorado Attorney General, Colorado Secretary of State, and Federal Elections Commission.

16. Defendants acted in bad faith, mislead Plaintiff, and, in fact, never had any intention of emailing Plaintiff, the candidate questionnaire, failed to notify Plaintiff and most

6

other registered GPCO members of the virtual GPCO Presidential Primary and Delegate Selection, which was invalid and wrongfully denied Plaintiff ballot access and their willful and intentional misconduct proximately caused Plaintiff damages.

17. Merida has established a pattern of misusing the GPCO for her own personal financial gain and used Identity Politics to bully, censor, character assassinate and intimidate White male GPCO calling them White Supremacists and in fact, Merida with the help of Defendants amended the Denver Green Party's bylaws as follows:

> Is an anti-oppression party, actively dedicated to the work of ending capitalism and dismantling white supremacy and hetro-patriarchy (sic). As such, expressions of sexism, racism, classism, ableism, homophobia, transphobia, and other oppressive behaviors are not in keeping with the values of this party. Further, the Denver Green Party explicitly rejects the false ideas of reverse racism, misandry, etc., because we understand the role of white supremacy, heteropatriarchy, etc. in the oppression of our comrades of all colors, genders, and sexual orientations. While prejudice may exist against white people, against men, against cisgender people, against straight people (or any other privileged group), this prejudice is not oppression because there are no institutional power structures designed to disenfranchise these privileged groups.

18. Defendants violated Colorado and Federal law including, but not limited to 29 U.S.C. § 594, and Title 26 § 6652 and the Federal Elections Commission, Colorado Secretary of State as well as Colorado and Federal civil and criminal law.

19. Defendants failed to give proper notice to registered Colorado Green Party members, failed to have a quorum and violated State and Federal elections laws, and wrongfully denied ballot access to Plaintiff Andrew J. O'Connor, a registered Colorado Green Party member thereby preventing his name from being placed on the primary ballot access in November for the Colorado Senate District 17 Primary. Plaintiff seeks actual damages, punitive damages, statutory damages, treble and compensatory damages including, but not limited to intentional infliction of emotional distress, mental anguish, pain and suffering plus reasonable attorney fees and costs associated with this action against the Defendants.

## II. CLAIM TWO: Damages for Intentional Infliction of Severe Emotional Distress

20. Plaintiff hereby re-alleges and re-incorporates by reference all preceding allegations of law and fact contained in paragraphs 1-19.

21. Defendants intentionally inflicted severe emotional distress upon Plaintiff, Plaintiff's wife and engaged in illegal and unconstitutional discriminatory and retaliatory practices in violation of State and Federal laws; 29 U.S.C. § 594, and Title 26 § 6652 and the Federal Elections Commission, Colorado Secretary of State, as well as Colorado and Federal civil and criminal law.

22. As a proximate result of Defendants' wrongful, retaliatory, arbitrary, capricious, discriminatory and malicious conduct, Plaintiff suffered, including, but not limited to: wrongful denial of ballot access, intentional infliction of severe emotional distress; loss of actual and compensatory damages; punitive damages and attorney fees and costs.

### E.   REQUEST FOR RELIEF
*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

**WHEREFORE**, having set forth various claims against the Defendants, Plaintiff ANDREW J. O'CONNOR, prays for the following relief:

    a. That this Court grant immediate injunctive relief and void the results of the GPCO virtual Presidential Primary and Delegate Selection dated April 18, 2020 and immediately place Plaintiff on November primary ballot as a Green Party Candidate for SD 17;

b. That the Plaintiff be awarded punitive damages for denial of wrongful ballot access provided for under State and Federal law, including costs and attorney fees;

c. That the Plaintiff be awarded damages to be fully proved at the time of trial including, but not limited to economic, compensatory and actual damages;

d. That the Plaintiff be awarded general damages for Plaintiff's mental anguish, severe emotional distress and pain and suffering;

e. That the Plaintiff be awarded their fees and costs associated with this action;

f. That Plaintiff be awarded treble damages and reasonable attorney's fees and costs because of 29 U.S.C. § 594, and Title 26 § 6652 and the Federal Elections Commission, Colorado Secretary of State, as well as Colorado and Federal civil and criminal law; and

g. That the Court grant any such other relief that may be just and proper.


h. Plaintiff ANDREW J. O'CONNOR, hereby demands a trial by jury.

9

F.   **PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*s/ Andrew J. O'Connor*
(Plaintiff's signature)


May 26, 2020
(Date)


(Form Revised December 2017)